# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MYRTIS PAULO HART,

    Plaintiff,

vs.                                                                                 No. CV 21-01135 MIS/GBW

FOOT LOCKER CORPORATION,
FBI, FCC, USA, NSA,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court *sua sponte* under Fed. R. Civ. P. 41(b) on the "Claim for Damage, Injury, or Death" (Doc. 1) and Complaint for Violation of Civil Rights (Doc. 6) filed by Plaintiff Myrtis Paulo Hart ("Complaint"). The Court will dismiss the Complaint without prejudice for failure to comply with a Court order, statutes, and rules, and failure to prosecute this proceeding.

This is one of the many cases Plaintiff Myrtis Paulo Hart has filed in this Court.[1] Plaintiff Hart filed his Complaint on December 27, 2021. (Doc. 1). At the time of filing of

---

[1] *Hart v. State of New Mexico*, CV 19-00089 MV/GJF; *Hart v. Gallegos*, CV 19-00128 JCH/JFR; *Hart v. Gallegos*, CV 19-00175 RB/GBW; *Hart v. Gallegos,* CV 19-00766 JB/KBM; *Hart v. Gallegos*, CV 19-00834 MV/JHR; *Hart v. Gallegos,* CV 19-00932 MV/SCY; *Hart v. Gallegos,* CV 20-00595 WJ/SMV; *Hart v. Borne*, CV 20-00965 KG/JFR; *Hart v. McDonald's,* CV 20-01044 WJ/JFR; *Hart v. Central New Mexico Correctional Facility,* CV 20-01046 KG/GB; *Hart v. Clovis Police Department,* CV 20-01064 KG/SMV; *Hart v. Federal Bureau of Investigation,* CV 20-01141 MV/JFR; *Hart v. United States,* CV 21-0008 KG/CG; *Hart v. Lytle,* CV 21-00017 MV/GBW; *Hart v. Saavedra,* CV 21-00106 KWR/GBW; *Hart v. Guadale*,  CV 21-00131 JB/SCY; *Hart v. Northwestern New Mexico Correctional Facility*, CV 21-00136 KG/KK; *Hart v. Central New Mexico Correctional Facility,* CV 21-00137 KWR//JFR; *Hart v. Northwestern New Mexico Correctional Facility,* CV 21-00186 JB/SMV; *Hart v. Curry County Adult Detention Center,* CV 21-01011 RB/KBM; *Hart v. Talin Market World Food Fare,* CV 21-01012 KG/SCY;

the Complaint, Hart was incarcerated at the Curry County Adult Detention Center. (Doc. 1 at 1, 3). Hart's Complaint appears to be on a federal Tort Claims Act notice. In his initial filing, Hart names as Defendant Foot Locker Corporation. (Doc. 1 at 1). For his claim, Hart states:

> "Employee of Foot Locker Raquel McCullum approached me and yelled/ verbally assaulted me and lied to police officers about a multitude. . . Injury is in the form of false imprisonment and the prospects that were lost as well as the Police Brutality depicted in Video."

(Doc. 1 at 1). Hart seeks damages in the amount of $112 Million for personal injury. (Doc. 1 at 1).

The Court determined that Plaintiff's original filing was not in proper form. Plaintiff also did not pay the filing fee or submit an application to proceed *in forma pauperis* at the time he filed the Complaint. The Court entered an Order to Cure Deficiency on December 3, 2021, directing Plaintiff Hart to put his complaint in proper form and either pay the filing fee or submit an application to proceed under 28 U.S.C. § 1915 within thirty days of entry of the Order. (Doc. 3). With the Order to Cure, the Court also provided Plaintiff with a form prisoner civil rights complaint and a form Application to Proceed in District Court Without Prepayment of Fees or Costs. (Doc. 3 at 2). The Order advised Plaintiff that, if

---

*Hart v. Dank Smoke Shop and Grocery,* CV 21-01013 KG/GBW; *Hart v. Discount Liquors,* CV 21-01014 JCH/SCY; *Hart v. State of New Mexico,* CV 21-01048 JCH/KRS; *Hart v. Adult Probation and Parole*, CV 21-01049 JB/KBM; *Hart v. Martinez,* CV 21-01073 JB/GB; *Hart v. Summit Food Service,* CV 21-01074 MIS/LF; *Hart v. Sellers*, CV 21-01075 MV/KK; *Hart v. Curry County Adult Detention Center,* CV 21-01078 MV/SMV; *Hart v. Curry County Adult Detention Center,* CV 21-01079 KG/KRS; *Hart v. Seven-Eleven*, CV 21-01105 KG/GJF; *Hart v. WalMart*, CV 21-01107 MV/KRS; *Hart v. Sahara Hotel,* CV 21-01108 JB/KRS; *Hart v. Federal Bureau of Investigation,* CV 21-01124 KG/SCY; *Hart v. Foot Locker Corporation,* CV 21-01135 MIS/GBW; *Hart v. Lil Caesars,* CV 21-01136 KWR/KBM; *Hart v. Transition for Living,* CV 21-01137 MV/CG; *Hart v. Fairfield (Hotel)*, CV 21-01161 WJ/SCY.

he failed to cure the deficiencies within the 30-day time period, the Court could dismiss this proceeding without further notice. (Doc. 3 at 1).

Plaintiff Hart did not comply with the Court's December 3, 2021, Order. Instead, on December 27, 2021, Plaintiff submitted a Complaint for Violation of Civil Rights, adding additional Defendants, FBI, FCC, USA, and NSA (Doc. 6 at12) and increasing his damages demand to $800 Million (Doc. 6 at 5). He claims violation of his 1st, 2nd, 3rd, 4th, 5th, 6th, 7th, 8th, 9th, and 10th Amendment rights as a result of an FBI broadcast "at every location since Cameron Davis's death in 2016." (Doc. 6 at 4). He also submitted an insufficient request to proceed *in forma pauperis* on December 27, 2021, that did not include the inmate account statement required by 28 U.S.C. § 1915(a)(2). (Doc. 7). The return address for his December 27, 2021, filings indicated he was incarcerated at the Central New Mexico Correctional Facility. (Doc. 7). Mail that had been sent to Plaintiff at the Curry County Adult Detention Center address was returned as undeliverable. (Doc. 4, 5).

The Court, on its own initiative, searched the Curry County Adult Detention Center and New Mexico Department of Corrections' records, confirmed that Plaintiff had been released from Curry County Adult Detention Center on November 22, 2021, confirmed Plaintiff was incarcerated at Central New Mexico Correctional Facility, and changed Plaintiff's address of record to Central New Mexico Correctional Facility. When mail in other cases filed by Plaintiff was returned as undeliverable, a subsequent search of the New Mexico Department of Corrections records disclosed that Plaintiff has been released from the Central New Mexico Correctional Facility and is no longer in custody of the

Department of Corrections.[2]  The Court has received no filings, change of address, or other communications from Plaintiff Hart since December 27, 2021.

Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules.  *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980).  The local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court.  D.N.M. LR-Civ. 83.6. Plaintiff Hart has failed to comply with D.N.M. LR-Civ. 83.6

Plaintiff has never submitted a complaint in proper form as ordered by the Court on December 3, 2021 (Doc. 3).  Plaintiff has also failed to either pay the filing fee or submit a complete application to proceed under § 1915 in proper form. The Court may dismiss a proceeding under Fed. R. Civ. P. 41(b) for failure to comply with statutes or rules of civil procedure, or to comply with court orders.  *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). Therefore, the Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with the Court's Order of December 3, 2021, failure to comply with statutes and rules, and failure to prosecute this proceeding.

**IT IS ORDERED:**

**(1)** the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 7) is **DENIED** for failure to comply with the requirements of 28 U.S.C. § 1915(a)(2); and

**(2)** the Claim for Damage, Injury, or Death (Doc. 1) and Complaint for Violation of Civil Rights (Doc. 6) filed by Plaintiff Myrtis Paulo Hart are **DISMISSED** without prejudice

---

[2] See, e.g., CV 21-01049 DHU/KBM, CV 21-01073 JB/GBW, CV 21-1075 MV/KK, CV 21-01077 KWR/CG, CV 21-01011 RB/KBM, CV 21-01137 MV/CG, CV 21-01161 DHU/SCY.

under Fed. R. Civ. P. 41(b) for failure to comply with the Court's December 3, 2021, Order, failure to comply with statutes and rules, and failure to prosecute.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE